ROBERT B. MITCHEL v. JACOB GREGG.

MAY TERM
1835.

Robert B. Mitchel
v.
Jacob Gregg.

1. A sheriff advertises real and personal property to be sold under execution during the session of the next circuit court for his county. The court in consequence of excitement in the county, adjourned at an unusually early hour of the first day of its session. Held, a sufficient and legal excuse for the sheriff in not selling at that term.
2. When execution issues in an *attachment case*, for the sale of the property *attached*, the sheriff has no right to try the *right* of the property; but must sell.

ERROR to the circuit court of Jackson County.

Opinion of the court delivered by TOMPKINS, J.

Mitchel the plaintiff in error filed his motion against Gregg the defendant in the circuit court of Jackson county at the October term for the year 1834, praying the court to enter up judgment against said Gregg for the amount of the debt &c., due upon an execution in attachment dated 1st March 1834, and delivered to Gregg as sheriff of said county of Jackson on the 3rd day of March in favor of Mitchel against Henry Damewood. *Motion against sheriff.*

This execution was returnable to the June term of the court then next. The reasons assigned were, 1st, That Gregg had made no return on said execution. 2nd, That he had failed duly to return said writ and had made a false return thereto. *Reasons assigned.*

On the hearing of evidence given on this motion, it appeared that the circuit court at the June term of said court, made an order by the request of the members of the bar practising there, as well as on account of the great and unusual excitement prevailing in said county, that all causes, writs, pleas and process in the court then pending, should be generally continued until the term there next. It was also proved that the counsel on record of Mitchel, plaintiff in this notice, was among the number that petitioned the court to continue the business in order that it might adjourn, as it did immediately afterwards. The court on the first day of that term met and adjourned at an unusually early hour, before the sheriff came into court. *Evidence on hearing.*

The return of the sheriff on the execution shows that immediately on the receipt of the execution, he levied on certain goods and real property of the defendant in the attachment, and advertised them to be sold at the next June term of said court while the court was sitting, but did not sell till the October term next after; because the court made the order above mentioned, and had adjourned at an hour of the day unusually early. The sheriff

MAY TERM
1835.

Robert B. Mitchel
v.
Jacob Gregg.

Points decided by
sup. ct.

A sheriff adverti-
ses real and per-
sonal property to
be sold under ex-
ecution during the
session of the next
cir. ct. for his
county. The court
in consequence of
excitement in the
cty., adjourned at
an unusually ear-
ly hour of the
first day of its ses-
sion. Held, a suf-
ficient & legal ex-
cuse for the sher-
iff in not selling at
that term.

however returned that he had again advertised the same
property and sold it at the October term next succeeding
the return term of the writ, all except some that had been
claimed by certain persons, and adjudged on a trial of a
right of property by a jury to belong to them.

The points to be decided are:

1st Was the sheriff's excuse for not returning his writ
at the June term sufficient.

2nd Was he justified in surrendering the property
claimed by these persons for the reason given.

On the first point we find no difficulty in deciding for
the sheriff. The counsel on Record and immediate agent
of Mitchel, bears testimony by his acts to the correctness
of the order made by the circuit court to continue all bu-
siness and adjourn. But the order of the court was
enough to justify him. Had the sheriff been at the court
house early enough to have sold the property before the
court adjourned, it would have been strong evidence of
fraud had he proceeded to sell at so early an hour of the
day: and this too is to be considered, that he had adver-
tised to sell during the session of the court. Admitting
that he might lawfully have sold at any time in the day
whether in session or not, still the great excitement testi-
fied to would have been a good excuse for not doing so.
There has been no decision of this court, whether it were
material that the court should be actually in session while
the sale of real property is made, but we consider it pru-
dent in the officer to sell at such time, and there seems to
be no difficulty in arriving at the conclusion that he could
not sell after the court had adjourned to the next term.

This decision of the first point would dispose of the
case; but as the whole case is fairly before us, it will be
but right to settle the other point in order to inform the
parties.

When execution
issues in an attach-
ment case, for the
sale of the proper-
ty attached, the
shff. has no right
to try the right of
the property; but
must sell.

The attachment law directs the sheriff to summon all
and every person in whose hands or possession any lands
goods &c. levied on by him shall or may be found, see
section 1st of the act, page 145 of the digest.

The 10th section of that act directs such persons as
may have any claim to property levied on, to come into
court and there have a trial of the right of property in the
manner prescribed by law, and if such claimant will not
avail himself of such mode of trial, the sheriff is bound to
hold the property and sell it in obedience to the command
of the writ. This is not hardship to the claimant. If he
is in possession of his own property when it is levied on,
he is required to be summoned by the sheriff; if he has en-

trusted his property to the safekeeping of another person his agent is summoned, and if his agent be negligent and do not inform him of the levy, it is his own fault that he had such an agent. Hence we conclude that the sheriff has no implied power to exempt himself from liability by allowing a trial of the right of property before himself. On the first point then the circuit [court] rightly overruled the motion of Mitchel for judgment against the sheriff.

Its judgment is therefore affirmed.